**80. EVIDENCE.**
Ohio Pub. Ser. Co. v. Alexander, Exrx.. OA. 6 Abs. 337.
See 58 Aiders, Abetters & Accomplices. OA. 6. Abs. 336.
Simpson v. Newinger et. OA. 6 Abs. 332.

**485. EXECUTORS & ADMINISTRATORS.**
See 27 Actions. Russ v. Wilson, OA. 6 Abs. 342.

**587. GUARANTY.**
Killoran v. Standard Supply Co. OA. 6 Abs. 333.

**620. IMPEACHMENT.**
See 480 Evidence. Simpson v. Newinger et. OA. 6 Abs. 332.

**643. INSANITY.**
Wiegand, etc. v. Wiegand. OA. 6 Abs. 331.

**656. INTERPLEADER.**
James v. Reno. OA. 6 Abs. 335.

**677. JUDGMENTS & DECREES.**
See 714 Liability Insurance. United States Cas. Ins. Co. v. Gilmore. OA. 6 Abs. 334.
See 791 Motions & Orders. Killoran v. Standard Supply Co., OA. 6 Abs. 333.

**t. JURISDICTION.**
See 27 Actions. Russ v. Wilson, OA. 6 Abs. 342.
See 293 Contempt. State ex Turner v. Albin et. OS. 6 Abs. 341.

**683. JURY.**
Bartolas, Admr. v. Coleman, OA. 6 Abs. 339.

**703. LANDLORD & TENANT.**
Miller, Adm. etc. v. Ellis et. OA. 6 Abs. 338.

**714. LIABILITY INSURANCE.**
United States Cas. Ins. Co. v. Gilmore. OA. 6 Abs. 334.

**751a. MASTER COMMISSIONER.**
Neil House Co. y. Shafer et. OA. 6 Abs. 330.

**791. MOTIONS & ORDERS.**
Killoran v. Standard Supply Co. OA. 6 Abs. 333.

**829. NEGLIGENCE.**
Ohio Pub. Ser. Co. v. Alexander, Exrx. OA. 6 Abs. 337
See 703 Landlord & Tenant. Miller, Adm. etc. v. Ellis, et. OA. 6 Abs. 338.
See 111 Assumption—of Risk. N. Y. C. & St. L. Rd. Co. v. Biermacher, OA. 6 Abs. 340.

**884. PAROL EVIDENCE.**
See 587 Guaranty. Killoran v. Standard Supply Co. OA. 6 Abs. 333.
See 297 Contracts. Nankas v. Nat. Bk. of Commerce. OA. 6 Abs. 336.

**923. PLEADINGS.**
See 27 Actions. Russ v. Wilson, OA. 6 Abs. 342.

**941. PRACTICE & PROCEDURE.**
See 751a Master Commissioner. Neil House Co. v. Shafer et. OA. 6 Abs. 330.

**997. REAL ESTATE.**
See 362a Decedents' Estates. Cleveland v. Thornton. OA. 6 Abs. 342.

**1002a. RECEIPTS.**
See 297 Contracts. Nankas v. Nat. Bk. of Commerce. OA. 6 Abs. 336.

**1010. REFERENCE & REFEREES.**
See 751a Master Commissioner. Neil House Co. v. Shafer, et. OA. 6 Abs. 330.

**1053. ROADS & HIGHWAYS.**
See 829 Negligence. Ohio Pub. Ser. Co. v. Alexander, Exrx. OA. 6 Abs. 337.

**1223. VACATION.**
See 643 Insanity. Wiegand, etc. v. Wiegand, OA. 6 Abs. 331.

(Continued on Page 343)

---

## EPITOMIZED OPINIONS
### Published only in the Abstract

---

NEIL HOUSE CO. v. SHAFER, etc.

Ohio Appeals, 2nd Dist., Franklin Co.

No. 1610. Decided Oct 22, 1927.

**First Publication of This Opinion.**

### Syllabus by Editorial Staff.

**751a. MASTER COMMISSIONER—941.** Practice and Procedure — 1010. Reference and Referees — 475. Estoppel.

1. Where parties to action are sui juris, they may, by mutual agreement, submit trial of law case to master commissioner. By so doing they waive jury trial and case becomes non-jury case. Condition, in statute, that non-jury case should not be referred to master, also capable of being waived. Where all parties consent and reference is actually made, parties consenting would be estopped to claim reference improper.

2. Where there has been no final judgment of court, on report of Special Master Commissioner, order of reference to such Commissioner, as referee, becomes submission of entire case, and report and judgment of referee, together with action of court thereon, becomes final and effective judgment from which all necessary steps to prefect proceedings in error date.

3. Opportunity should be afforded to parties, by referee, before filing report, to examine it and tender. if desired, bill of exceptions for his allowance.

On Motion to Strike.

Motion overruled.

Smith W. Bennett, Columbus, for Neil House Co.

Chas. J. Pretzman, Columbus, for Shafer, etc.

### STATEMENT OF FACTS.

This cause has been submitted upon motions to strike from the record the bill of exceptions and the petitions in error. This involves a question of procedure. The parties stood in reverse order in the court below. The action was one of law, but the evidence involved complicated items growing out of the building contract for the construction of the Neil House. When the case became at issue, the parties, by counsel, appeared in court and, by agreement, the court appointed Honorable Geo. B. Okey, one of the Master Commissioners, to take the evidence and report the same, with his conclusions of fact and law, to the court.

The evidence was taken and the Master's report was filed. Exceptions thereto was presented by each party. Subsequently, the plaintiff withdrew his exceptions.

The report and exceptions came on for hearing before the court. The trial court found that the action was one triable to a jury and that the order of reference to said Geo. B. Okey as Special Master Commissioner was, in fact, a reference to him as referee and that his report was therefore previously made and not in conformity to the law governing referees. The court therefore ordered the said

action referred to said Okey as referee, to complete his proceedings.

The case thereupon came before said Geo. B. Okey, under said last named order, as a referee. The same testimony was offered and substantially the same report was made by Okey as referee, but conformable to the precedure required in cases of a reference to a referee. The report of the referee was sustained by the trial court. In the course of the hearings before the referee and before the court, the necessary steps were taken by the defendant to protect its rights to a review of the case; this included exceptions, the filing of a motion for new trial, the taking of a bill of exceptions and the filing of a petition in error. These proceedings were all had in due time after the report and decision of the referee and of the Court of Common Pleas.

ALLREAD, J.

"It is contended that all these steps should have been taken within due time after the filing of the report of Hon. Geo. B. Okey as Master Commissioner and that the failure to do so at that time is fatal to the proceedings in error. This states the whole question.

The important fact lying at the threshold of this question is the agreement of parties to submit the case to the Master Commissioner and the action of the court, based upon such agreement. It is not, therefore, a case where the court, at the instance of one party and over the objection of the other, appoints a special master commissioner in an action at law. Where parties to an action are sui juris they may, by mutual agreement, submit the trial of a law case to a master commissioner to hear the testimony and to make his report under the law governing such references. By so doing, they waive a jury trial and the case becomes, for all practical purposes, a non-jury case. The condition, in the statute, that a non-jury case should not be referred to a master, is also capable of being waived. Where all the parties consent thereto and the reference is actually made by the court, all parties consenting thereto would be estopped to claim that the reference was improperly made.

We, therefore, hold that until the court below spoke—holding that the original reference, by operation of law, was one to a referee—the reference, both as a matter of fact an as a matter of law, was to Geo. B. Okey as a Master Commissioner and his proceedings thereunder, up until the court made the order of re-reference, was governed by the law affecting master commissioners.

The finding of the Court of Common Pleas that the original reference, although specified as one to a master commissioner, was, as a matter of law, a reference to a referee, did not, in our judgment, operate ex post facto, but spoke only prospectively.

There having been no final judgment of the Court on report of the Special Master Commissioner, there was nothing, at that time, calling for a motion for a new trial, a bill of exceptions or a petition in error. The order of reference to Okey as referee became a submission of the entire case; it was a new and enlarged order of reference. Such order of reference to Okey as Referee, the rendition of the report and the judgment by the Referee, superseded the report of the Master Commissioner; and the report and judgment of the Referee, together with the action of the court thereon, became the final and effective judgment in the case, from which all the necessary steps to perfect proceeding in error date.

But, even if we take the horn of the dilemma represented by the order of the Court of Common Pleas holding that the so-called Master Commissioner was in fact a Referee, we are confronted by the following finding and order of the trial court:

"Said Geo. B. Okey has prematurely reported his proceedings under said reference and without completing his duties thereunder in that he did not notify or otherwie advise the parties before filing his said report, * * * nor did he give the parties, before so filing his said report, any opportunity to take exceptions before him to his findings or rulings by him at the trial.

The duties of a referee are thus defined by Judge Mellvans in the case of Averill Coal & Oil Co. v. Verner, 22 OS. 372.

"An opportunity should certainly be afforded to the parties by the referee, before filing his report, to examine it and to tender, if desired, a bill of exceptions for his allowance so that such facts as might be necessary to protect them against the consequences of error committed on a trial may be placed on record."

The trial court, in the instant case, after finding this substantial irregularity of the so-called Master Commission acting as referee, was justified in re-referring the case to said Okey as referee to complete his proceedings and re-file his report. There was certainly no abuse of discretion in so doing. Even if we were to assume, therefore, that Geo. B. Okey acted as referee, no valid or final report was made until after the re-reference and the re-filing of the report by Geo. B. Okey, as referee.

Entertaining these views, we hold that the motion for a new trial, the exceptions, the bill of exceptions and the petition in error were duly filed and are a proper part of the record to be reviewed.

(Ferneding & Kunkle, JJ., concur.)